UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------- x
LAGUERRE LENSENDRO,             :
                                :
        Plaintiff,              :
v.                              :   Civil No. 3:25-cv-128 (AWT)
                                :
TRANSUNION LLC,                 :
                                :
        Defendant.              :
                                :
------------------------------- x

**ORDER RE MOTION FOR RECONSIDERATION**

The plaintiff's motion for reconsideration, titled Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 11), is hereby DENIED.

Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut allows for the filing of motions for reconsideration. See D. Conn. L. Civ. P. 7(c). "Motions for reconsideration under [the District of Connecticut's Local Civil Rules] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991). In general, three grounds justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Here, the plaintiff did not file an amended complaint. Rather, he disagrees with the court's analysis in the order dismissing his case pursuant to 28 U.S.C. § 1915(e)(2)(b). See Ruling Granting Motion for Leave to Proceed in Forma Pauperis and Dismissing Case (ECF No. 8). After reviewing the plaintiff's objection (ECF No. 10), the court's analysis has not changed. Therefore, the motion for reconsideration is being denied.

The plaintiff has expressed a concern about whether the fact that a judgment was not entered will mean that he cannot appeal the court's orders. While the Clerk's Office enters

judgment when the court enters a ruling granting a motion to dismiss filed by an opposing party, it does not enter judgment when the court simply issues an order that is not a response to a motion filed by an opposing party. Therefore, the plaintiff can proceed to file his notice of appeal. Any notice of appeal must be filed within 30 days of the date of this order.

    It is so ordered.

    Dated this 30th day of June 2025, at Hartford, Connecticut.

/s/ AWT<br>Alvin W. Thompson<br>United States District Judge